IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JILL CONNOR, | § § | |
| Plaintiff, | § § | C.A. Number: |
| v. | § § § | |
| NEW CASTLE COUNTY, GUY H. SAPP, individually and in his official capacity, and CHARLOTTE L. CROWELL, individually and in her official capacity, | § § § § § § | **Trial by Jury Demanded** |
| Defendants. | § | |

## COMPLAINT

### I. PARTIES

1. Plaintiff Jill Connor is a resident of the State of Delaware, Kent County, employed since January, 2002 as a County Police Officer.

2. Defendant New Castle County (County) is a political subdivision of the State of Delaware.

3. Defendant Guy H. Sapp was at all times pertinent, the Director of Public Safety for the County.

4. Defendant Charlotte L. Crowell at all times pertinent, was the Chief Human Resources Officer for the County.

### II. JURISDICTION

5. This Court has original jurisdiction over this matter brought to redress the deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to 28 U.S.C. § 1331 and 1343. The federal issues involved arise under the Americans

with Disabilities Act (ADA), 42 U.S.C. § 12101, *et. seq.*, and liability for violation by the Defendants of the laws and Constitution of the United States pursuant to 42 U.S.C. § 1983. This Court has supplemental jurisdiction over all other claims in that they are related to those issues over which original jurisdiction is confirmed and are part of the same case and controversy, pursuant to 28 U.S.C. § 1367.

6. Venue in this Court is predicated upon 28 U.S.C. § 13919(b)(c).

## III. BACKGROUND

7. Plaintiff was hired in or about January, 2002, by the County as a police officer.

8. The pertinent aspects of the Plaintiff's employment relationship with the County as a police officer are governed by the Collective Bargaining Agreemenst between the Fraternal Order of Police (FOP) of New Castle, Lodge No. 5 (hereafter "Union"), and the County dated April 1, 2005 (hereafter "Union Agreement") and also by merit system provisions of the County Code.

9. In or about October of 2004, Plaintiff sustained a work-related injury as determined by the State of Delaware's Industrial Accident Board.

10. Plaintiff's work-related injury was due to an insect bite which caused bacterial infection resulting in serious and long-term or permanent and partial injuries and disabilities.

11. Repeatedly, after suffering this work-related disability, Plaintiff requested she be assigned to duties within her physical capabilities, as those capabilities were determined by her treating physician as well as physicians retained by the County.

12. When Plaintiff requested reasonable accommodations to allow her to return to work, the County refused to provide such accommodations, even though such accommodations were available.

2

13. Pursuant to proceedings before the State of Delaware's Industrial Accident Board, over the objection of the County, Plaintiff's injury was determined to be work-related and she was awarded Worker's Compensation benefits. Pursuant to provisions of the County Code and the Union Agreement, Plaintiff also received payments from the County in addition to her worker's compensation benefits which together provided her full pay until the wrongful termination of her employment by the County in or about August of 2006. She continues to receive worker's compensation benefits.

14. In or about May of 2006, Defendant Sapp, in his capacity as Public Safety Director of the County, recommended Plaintiff's employment with the County be terminated effective August, 2006.

15. Pursuant to the requirements of the County Code, Plaintiff was afforded a pre-termination hearing. After that hearing, Defendant Crowell, on or about August 7, 2006, upheld the decision to terminate Plaintiff's employment and held Plaintiff's employment to be terminated effective August 7, 2006.

16. Pursuant to the terms of the Union Agreement, Plaintiff exercised her right to a Union Grievance proceeding with respect to the County's decision to terminate her employment.

17. In or about March, 2007, Defendants required Plaintiff to be examined by a physician of their choosing, Dr. Jeffrey S. Meyers. After examining Plaintiff, Dr. Meyers determined she was not at that time suffering a disability preventing her return to work.

18. Despite the conclusion by Dr. Meyers, Defendants, in a Grievance proceeding held in May 2007, continued to assert that Plaintiff was disabled and unable to return to her employment as a police officer, and did not disclose Dr. Meyers' findings to the Grievance Hearing Officer.

19. Pursuant to County Code § 26.03.904(D) and pursuant to the Union Agreement § 58(f), the County, prior to its termination of Plaintiff's employment, paid Plaintiff supplements to the amounts she was receiving as worker's compensation benefits such that Plaintiff received the equivalent of her full wages.

20. Defendants, rather than attempting to accommodate Plaintiff and allow her to work, terminated her employment effective August of 2006 and thereafter has denied Plaintiff the difference between her regular wage and her worker's compensation payments.

21. At various times after October, 2004, through the present, Plaintiff has been considered by the County to be unable to work either with or without an accommodation. The County wrongfully terminated Plaintiff's employment: (a) due to her disability or the County's perception she was disabled, and/or (b) in retaliation for her asking for an accommodation and bringing discrimination charges to the Department of Labor, and/or (c) in retaliation for her bringing a Worker's Compensation claim, and/or (d) to justify its refusal to continue to make supplemental payments to the Plaintiff in the amount of the difference between her Worker's Compensation benefits and her regular salary.

## IV. ADMINISTRATIVE PREREQUISITES

22. On or about July 10, 2006, Plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC) through the Delaware Department of Labor (DDOL), asserting a violation of the ADA and Delaware's Handicapped Persons Protection Act (19 Del. C. § 720, et. seq. The DHPPA), due to the Defendants' discrimination against her due to her disability, and/or the County's perception of her disability, and/or the County's retaliation against her for her request for accommodation.

23. On or about December 29, 2006, Plaintiff received a notice of Reasonable Cause determination from the DDOL in which the DDOL determined plaintiff had satisfied her evidentiary burden, demonstrating the County had violated the ADA and the DHPPA.

24. On or about April 4, 2007, after review by the EEOC, Plaintiff received a Right to Sue Notice from the United States Department of Justice.

## COUNT I

## (VIOLATION OF THE ADA, 32 U.S.C. § 12101, et. seq.)

25. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs one through twenty-four.

26. Plaintiff would be able to continue to work as an employee of the County with or without reasonable accommodation of her disability.

27. Defendant County has refused to make reasonable accommodation allowing Plaintiff to continue to work for the County.

28. Defendant County's attempt to terminate Plaintiff's employment in May of 2006, effective August of 2006, and its final termination of Plaintiff as of August 2006 was due to her disability, and/or the County's perception that she had a disability, all in violation of 42 U.S.C. § 12101, et. seq.

29. Such actions by Defendant County were undertaken against Plaintiff intentionally, maliciously, and/or with a reckless disregard of Plaintiff's rights.

30. The aforementioned actions of Defendants were the proximate cause of Plaintiff's suffering, *inter alia*, past, present, and future loss of income, including, but not limited to, loss of wages, medical insurance, life insurance, pension benefits, and other benefits associated with her

employment, and also caused severe mental and emotional distress entitling Plaintiff to remedies and damages including, but not limited to, compensatory, equitable, and punitive damages and costs and attorney's fees as set forth below.

## COUNT II

### (VIOLATION OF ADA – RETALIATION, 42 U.S.C. § 12203)

31. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through thirty.

32. The intentional conduct of Defendant County in retaliating against Plaintiff by terminating her employment because she sought the assistance of the DDOL and the EEOC, and because she requested an accommodation pursuant to the ADA and the Delaware Law violates the prohibitions against retaliation set forth in 42 U.S.C. § 12203.

33. The Defendant County's conduct was intentional and malicious and a deliberate attempt to deny Plaintiff the benefits, protections and assistance of the laws of the United States and the Courts of this State and the United States.

34. Such actions by the County were undertaken against Plaintiff intentionally, maliciously and/or with a reckless disregard of Plaintiff's rights.

35. The aforementioned actions of Defendant are a proximate cause of Plaintiff's suffering, *inter alia*, past, present and future loss of income, including, but not limited to, loss of wages, medical insurance, life insurance, pension benefits and other benefits associated with her employment, and also cause severe mental and emotional stress, entitling Plaintiff to remedies and damages including, but not limited to, compensatory, equitable and punitive damages and costs as set forth below.

## COUNT III

### (42 U.S.C. § 1983-DEFENDANT SAPP)

36. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs one through thirty-five as set forth herein.

37. At all times pertinent in his dealings with Plaintiff, Defendant Sapp was acting under color of State Law.

38. Plaintiff's employment as a merit system employee who could be terminated only for cause pursuant to County law, is a property right protected by the laws and Constitution of the United States.

39. Defendant Sapp's actions in depriving Plaintiff of her employment, and the attendant benefits of her employment, amounts to a deprivation of her property rights without procedural and subsequent due process of law in violation of the United States Constitution subjecting Defendant Sapp to liability under 42 U.S.C. § 1983.

40. Defendant Sapp's action in terminating Plaintiff from her employment is in violation of the Americans with Disabilities Act and in retaliation for Plaintiff asserting claims under the ADA is a violation of the laws of the United States subjecting Defendant Sapp to liability under 42 U.S.C. § 1983.

41. The aforementioned actions of Defendant Sapp were taken against Plaintiff intentionally, maliciously, and/or with reckless disregard of Plaintiff's rights.

42. The aforementioned actions of Defendant Sapp were a proximate cause of Plaintiff's suffering, *inter alia*, past, present and future loss of income, including, but not limited to, loss of wages, medical insurance, life insurance, pension benefits and other benefits association with her

employment, and also caused severe mental and emotional stress, entitling Plaintiff to remedies and damages including, but not limited to, compensatory, equitable and punitive damages and costs as set forth below.

## COUNT IV

## 42 U.S.C. § 1983 – DEFENDANT CROWELL

43. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through forty-two.

44. At all times pertinent in her dealings with Plaintiff, Defendant Crowell was acting under color of State Law.

45. Plaintiff's employment as a merit system employee who could be terminated only for cause pursuant to County law, is a property right protected by the law and Constitution of the United States.

46. Defendant Crowell's actions in depriving Plaintiff of her employment, and the attendant benefits of her employment, amounts to a deprivation of her property rights without procedural and subsequent due process of law in violation of the United States Constitution subjecting Defendant Sapp to liability under 42 U.S.C. § 1983.

47. Defendant Crowell's action in terminating Plaintiff from her employment is in violation of the Americans with Disabilities Act and in retaliation for Plaintiff asserting claims under the ADA is a violation of the laws of the United States subjecting Defendant Crowell to liability under 42 U.S.C. § 1983.

48. The aforementioned actions of Defendant Crowell were taken against Plaintiff intentionally, maliciously, and/or with reckless disregard of Plaintiff's rights.

employment, and also caused severe mental and emotional stress, entitling Plaintiff to remedies and damages including, but not limited to, compensatory, equitable and punitive damages and costs as set forth below.

## COUNT IV

## 42 U.S.C. § 1983 – DEFENDANT CROWELL

43. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through forty-two.

44. At all times pertinent in her dealings with Plaintiff, Defendant Crowell was acting under color of State Law.

45. Plaintiff's employment as a merit system employee who could be terminated only for cause pursuant to County law, is a property right protected by the law and Constitution of the United States.

46. Defendant Crowell's actions in depriving Plaintiff of her employment, and the attendant benefits of her employment, amounts to a deprivation of her property rights without procedural and subsequent due process of law in violation of the United States Constitution subjecting Defendant Sapp to liability under 42 U.S.C. § 1983.

47. Defendant Crowell's action in terminating Plaintiff from her employment is in violation of the Americans with Disabilities Act and in retaliation for Plaintiff asserting claims under the ADA is a violation of the laws of the United States subjecting Defendant Crowell to liability under 42 U.S.C. § 1983.

48. The aforementioned actions of Defendant Crowell were taken against Plaintiff intentionally, maliciously, and/or with reckless disregard of Plaintiff's rights.

49. The aforementioned actions of Defendant Crowell were a proximate cause of Plaintiff's suffering, *inter alia*, past, present and future loss of income, including, but not limited to, loss of wages, medical insurance, life insurance, pension benefits and other benefits association with her employment, and also caused severe mental and emotional stress, entitling Plaintiff to remedies and damages including, but not limited to, compensatory, equitable and punitive damages and costs as set forth below.

## COUNT V

### (42 U.S.C. § 1983 – DEFENDANT COUNTY)

50. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through forty-nine.

51. The County has a policy and practice with respect to employees, such as Plaintiff, who suffer work-related injuries, of wrongfully declaring the employee unable to work, making worker's compensation payments and then wrongfully terminating the employee to purportedly cut off its obligation to make supplemental payments required by the County Code and the Agreement.

52. The County's termination of Plaintiff's employment consistent with aforementioned policy was without due process of law in violation of the Constitution of the United States subjecting the County to liability under 42 U.S.C. § 1983.

53. The County's termination of Plaintiff's employment is a deprivation of her property rights as protected by the laws and Constitution of the United States and was undertaken pursuant to the actions and directions of the policymakers for the County, Defendants Sapp and

Crowell, therefore subjecting the County to liability for deprivation of rights by the Plaintiff under 42 U.S.C. § 1983.

54. The aforementioned actions of the County, pursuant to the policies of the County, were a proximate cause of Plaintiff's suffering, *inter alia*, past, present, and future loss of income, including, but not limited to, loss of wages, medical insurance, life insurance, pension benefits and other benefits associated with her employment, and also caused severe mental and emotion distress, entitling Plaintiff to remedies and damages including, but not limited to, compensatory, equitable and punitive damages and costs as set forth below.

## COUNT VI

### (WRONGFUL TERMINATION – STATE LAW CLAIM)

55. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in paragraphs one through fifty-four.

56. The termination of an employee such as Plaintiff due to her pursuing and successfully obtaining worker's compensation benefits is a violation of the public policy of the laws of this State as set forth in 19 Del. C. § 2365.

57. The Defendant County's knowingly false representation that it was terminating Plaintiff because of an inability to perform her responsibilities as a County employee, when, in fact, the County was terminating her employment either due to her disability; in retaliation for her requesting an accommodation for her disability; in retaliation for her pursuing and successfully obtaining worker's compensation benefits; and/or to attempt to avoid its obligation to supplement Plaintiff's Worker's Compensation benefits constitute intentionally false representations by the County as to the basis for its decision to terminate Plaintiff's employment.

58. The termination of Plaintiff's employment is in violation of the aforementioned public policy of this state and the termination of Plaintiff's employment for an intentionally stated false reason, constitute breaches of the covenant of good faith and fair dealing present in every employment relationship.

59. The termination of Plaintiff's employment in violation of this covenant constitutes wrongful termination of Plaintiff's employment, entitling Plaintiff to damages for breach of employment contract, including, but not limited to, past, present and future lost wages and benefits.

## COUNT VII

### (BREACH OF CONTRACT – STATE LAW CLAIM)

60. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through fifty-nine as set forth herein.

61. Defendants' termination of Plaintiff's employment under the circumstances set forth herein, constitutes a violation of the Union Agreement and the County Code as incorporated into that Agreement.

62. The violation of the Agreement and the County Code has caused Plaintiff damages including, but not limited to, past, present and future loss of benefits and wages.

## COUNT VIII

### (SUPPLEMENT TO WORKERS COMPENSATION – STATE LAW CLAIM)

63. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through sixty-two as set forth herein.

11

64. The Defendants' refusal to continue to pay Plaintiff a supplement to her worker's compensation benefits to make up the difference between her compensation benefits and regular salary, and refusal to accumulate combined leave, vacation and other benefits is a violation of the Union Agreement and County law.

65. The violation of these provisions of the County Code and the Union Agreement has caused Plaintiff damages including but not limited to, past, present and future and continuing loss of benefits and wages.

## COUNT IX

### (VIOLATION OF 19 DEL. C. § 720, ET. SEQ. – STATE LAW CLAIM)

66. Plaintiff repeats, re-alleges and incorporates the allegations contained in paragraphs one through sixty-five as set forth herein.

67. Plaintiff would be able to continue to work as an employee of the County with or without reasonable accommodation of her disability.

68. Defendant County has refused to make reasonable accommodation allowing Plaintiff to continue to work for the County.

69. Defendant County's attempt to terminate Plaintiff's employment in May of 2006, effective August of 2006, and its final termination of Plaintiff as of August 2006 was due to her disability, and/or the County's perception that she had a disability, all in violation of 19 Del. C. §720, et. seq.

70. Such actions by Defendant County were undertaken against Plaintiff intentionally, maliciously, and/or with a reckless disregard of Plaintiff's rights.

71. The aforementioned actions of Defendants were the proximate cause of Plaintiff's suffering, *inter alia*, past, present, and future loss of income, including, but not limited to, loss of wages, medical insurance, life insurance, pension benefits, and other benefits associated with her employment, and also caused severe mental and emotional distress entitling Plaintiff to remedies and damages including, but not limited to, compensatory, equitable, and punitive damages and costs and attorney's fees as set forth below.

## COUNT X

## (VIOLATION OF 19 DEL. C. § 720, ET. SEQ. –

## RETALIATION – STATE LAW CLAIM)

72. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through seventy-one.

73. The intentional conduct of Defendant County in retaliating against Plaintiff by terminating her employment because she sought the assistance of the DDOL and the EEOC, and because she requested an accommodation pursuant to the ADA and the Delaware Law violates the prohibitions against retaliation set forth in 19 Del. C. § 726.

74. The Defendant County's conduct was intentional and malicious and a deliberate attempt to deny Plaintiff the benefits, protections and assistance of the laws of the United States and the Courts of this State and the United States.

75. Such actions by the County were undertaken against Plaintiff intentionally, maliciously and/or with a reckless disregard of Plaintiff's rights.

76. The aforementioned actions of Defendant are a proximate cause of Plaintiff's suffering, *inter alia*, past, present and future loss of income, including, but not limited to, loss of

wages, medical insurance, life insurance, pension benefits and other benefits associated with her employment, and also cause severe mental and emotional stress, entitling Plaintiff to remedies and damages including, but not limited to, compensatory, equitable and punitive damages and costs as set forth below.

## COUNT XI

## (VIOLATION OF 19 DEL. C. § 2365)

77. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through seventy-six.

78. The County's termination of Plaintiff's employment in retaliation for her pursuing a Worker's Compensation claim is a violation of Delaware Law as set forth in 19 Del. C. § 2365.

79. Violation of the provisions of 2365 by the County entitles Plaintiff to award of past, present and future lost wages, as well as costs and attorney's fees and other damages as set forth below.

WHEREFORE, Plaintiff prays this Court:

1. Enter Judgment against the Defendants jointly and severally as follows:

   a. Damages for past, present and future lost wages;

   b. Compensation for emotional distress and mental injury;

   c. Equitable relief including future lost income and benefits in lieu of reinstatement (front pay);

   d. Punitive damages;

   e. An award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 122105, and 19 Del. C. § 2365;

14

  f. An award of pre and post judgment interest; and

  g. Any other relief the Court deems just and appropriate.

2. Order re-instatement of Plaintiff's employment

3. Order the County to make supplemental payments as long as Plaintiff receives Worker's Compensation benefits.

              BIGGS AND BATTAGLIA

              /s/ Victor F. Battaglia, Sr.
              Victor F. Battaglia, Sr. (ID# 156)
              921 Orange Street
              Wilmington, DE 19801
              (302) 655-9677
              VictorSr@batlaw.com
              Attorney for Plaintiff

Date: June 8, 2007

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFF:** Jill Connor

**DEFENDANTS:** New Castle County, Guy Sapp & Charlotte Crowell

(b) County of Residence of First Listed Plaintiff    Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) Victor F. Battaglia
Biggs & Battaglia, 921 N. Orange St., Wilmington, Delaware 19801 302-655-9677

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- XX 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | XX 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- XX 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 U.S.C. § 12101 et.seq.

**VI. CAUSE OF ACTION**
Brief description of cause: Plaintiff County Police Officer's employment terminated after she suffered work-related disability.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____   CHECK YES only if demanded in complaint:   JURY DEMAND:  X Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  6/08/07

SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __07-366__

## ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__JUN 0 8 2007__  __/s/ Erica Zenhoff__
(Date forms issued)    (Signature of Party or their Representative)

__Erica Lenhoff__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action