**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JILL CONNOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-366 |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| NEW CASTLE COUNTY, GUY H. SAPP, | : | |
| individually and in his official capacity, and | : | |
| CHARLOTTE L. CROWELL, individually and | : | |
| In her official capacity, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**NEW CASTLE COUNTY'S REPLY MEMORANDUM TO PLAINTIFF'S ANSWERING**
**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY**

The parties' memoranda are beginning to crystallize the complexities and underscore the inefficiencies of having the parties continue to adjudicate the claims and defenses in both the judicial and arbitral forums.

Defendant submits that plaintiff's answering memorandum attempts to minimize the role and available relief of the arbitral forum. Prior to the filing of this lawsuit, plaintiff took the position, and apparently maintains the position with the American Arbitration Association (hereinafter referred to as "AAA") that "New Castle County has forfeited the right to contest the Grievance of Ms. Connor and it should be granted without further hearing". (*See* Exhibit 1). Plaintiff further asserted to the AAA that "The County has, inter alia, also violated the maintenance of standards provision of the contract, the County ordinance relating to employment of injured officers, federal and state law relating to continuation of employment by an injured

police officer", thereby potentially interjecting into the arbitral process the notion that the arbitrator may, indeed, have to construe, or at least encounter, the federal, state and county law in order to determine the facially nebulous "standards and maintenance" contractual provision of the Collective Bargaining Agreement (hereinafter referred to as "CBA"). (*See* Exhibit 2).

New Castle County lodged its objections to plaintiff's position with the AAA (*See* Exhibit 3) preserving any and all rights regarding the arbitration. Defendant has requested that plaintiff agree to hold the arbitration in abeyance pending the resolution of the litigation, but plaintiff rejected that proposal. Subsequently, the AAA rejected plaintiff's position (a position not supported by any legal or arbitral authority) stating, in pertinent part, "The Association has carefully reviewed the contentions and positions of the parties as set forth in their correspondence. The Employer has met the filing requirements of the Labor Arbitration Rules by filing a demand for arbitration providing for administration by the American Arbitration Association". (*See* Exhibit 4 to defendant's opening memorandum)

The arbitration, scheduled for November 13, 2007, is postured in such a way as the parties will be arbitrating the threshold issue of whether the grievance is properly before the arbitrator. No doubt, subsequent days of arbitration may follow.

As such, defendant believes that the totality of the situation mitigates in favor of a stay in the litigation. However, alternatively, action by this court to either dismiss without prejudice plaintiff's complaint pending resolution of the arbitration, or for this court to enjoin the arbitration currently scheduled, present other viable avenues for consideration, should the court

determine that a stay is not warranted in the present matter[1].

NEW CASTLE COUNTY LAW DEPARTMENT

By:  /s/  Eric Leonard Episcopo
Kristopher T. Starr (DE Bar I.D. No. 4004)
Assistant County Attorney
Eric L. Episcopo (DE Bar I.D. No. 2258)
First Assistant County Attorney
87 Read Way, New Castle, DE 19720
Tel:  (302)395-5130

Dated: August 20, 2007                *Attorneys for Defendants*

---

[1] There is Third Circuit authority for dismissal of this complaint based on judicial economy and the very real possibility of conflicting outcomes in a case substantively similar to the present matter. See *Rhodes v. Holt, et al,* 2007 WL 1704653 (M.D.Pa.). Furthermore, this court has jurisdiction to exercise its equitable powers and to enjoin the arbitration, pending the resolution of the litigation. Defendant recognizes that a motion to dismiss and/or motion for preliminary injunctive relief will necessitate separate briefing. (*See* Exhibit 3 – Unreported Cases)

# EXHIBIT 1

**BIGGS AND BATTAGLIA**

ATTORNEYS AT LAW

921 NORTH ORANGE STREET

P.O. BOX 1489

WILMINGTON, DELAWARE 19899

(302) 655-9677

TELECOPIER (302) 655-7924

Writer's e-mail: VictorSr@batlaw.com

VICTOR F. BATTAGLIA
ROBERT D. GOLDBERG
PHILIP B. BARTOSHESKY
VICTOR F. BATTAGLIA, JR.
STEVEN F. MONES

OF COUNSEL
JOHN BIGGS III
GERARD P. KAVANAUGH, SR.
S. BERNARD ABLEMAN
WILLIAM D. BAILEY, JR.

June 4, 2007

American Arbitration Association
Dispute resolution Services
230 South Broad Street, 12th Floor
Philadelphia, Pennsylvania 19102-4199

     Re:    Grievance Number FOP-06-19, Termination of Employment (work-related disability) – Jill Connor.  Case manager, Albert C. VanHorn, Jr.

Ladies and Gentlemen of the American Arbitration Association:

    I enclose herewith the list for selection of arbitrator which I have completed pursuant to your instructions.

    I represent the employee, Officer Jill Connor, who has been wrongfully discharged by New Castle County in violation of the contract between New Castle County and the Fraternal Order of Police Lodge Number 5.

    Because a delay of failing to provide the Step III Hearing within the time required by the contract, the County has forfeited the right to contest the Grievance of Ms. Connor and it should be granted without further hearing.

    The County has, *inter alia,* also violated the maintenance of standards provision of the contract, the County Ordinance relating to employment of injured officers, federal and state law

relating to continuation of employment by an injured police officer.

If further information is required, please do not hesitate to contact the undersigned.

Very truly yours,

Victor F. Battaglia

VFB/ret
Cc:     Corporal Joseph Lavelle
        Ms. Jill Connor
        Eric Episcopo, Esquire (w/o enclosure)

# EXHIBIT 2

Police officers hired on or after February 1, 1993, shall become members of the Delaware County and Municipal Police/Firefighters Pension Plan set forth at 11 Del. C. Section 8801 et seq. as amended from time to time (the "State Plan"). Under the provision of 11 Del. C. Section 8813, a police officer covered by the State Plan shall become eligible to receive a service pension, after the termination of employment, beginning with the month when the police officer has ten (10) years of credited service and has attained age 62; or the police officer's age plus credited service (but not less than ten (10) years) equal 75; or the police officer has 25 years of credited service. The County shall contribute such amounts for coverage under the State Plan as required under 11 Del. C. Section 8842.

Note: The New Castle County Code, Chapter 11A, "Pension," Article I, Section 11A-6 was amended by New Castle County Council effective December 16, 1986, by ordinances 86-220 and 87-239. Those ordinances have been recodified as Section 26-596(f) and Section 26-592, definition of "final average salary." Refer to those sections for changes which modify pension provisions for police officers. Employees hired before July 1, 1977, that elect the retirement option detailed in ordinances 86-220 and 87-239 would be eligible for their accumulated sick leave benefit upon retirement as specified in Paragraph 40 contained herein, with the exception that they shall receive the lesser of five (5) days times their number of years of service or the number of days in their sick leave bank. Medical insurance will be covered under and the same as Paragraph 60(b)(1).

## MAINTENANCE OF STANDARDS

(82) The County agrees that all conditions of employment relating to pensions, wages, salaries, hours, insurance, vacations, sick leave, grievance procedures and all other terms and conditions of employment shall be maintained at not less than the highest standards in effect at the time of the signing of this agreement, and the same shall be improved wherever specific provisions for improvement are made elsewhere in this agreement.

# EXHIBIT 3

Christopher A. Coons
County Executive



Gregg E. Wilson
County Attorney

**OFFICE OF LAW**
July 2, 2007

Mr. Albert VanHorn
American Arbitration Association
230 South Broad Street, 12th Floor
Philadelphia, PA 19102

　　　　Re:　　*Jill Connor v. New Castle County*

Mr. VanHorn:

New Castle County is in receipt of a June 4, 2007 correspondence from the FOP's attorney with respect to the above-noted matter. (See Exhibit 1). Please accept this correspondence as the County's response.

The above-noted correspondence from the union argues that, in some way, there was a delay in providing a Step III hearing and therefore "the County has forfeited the right to contest the grievance of Ms. Connor and it should be granted without further hearing".

It is the County's position that the above allegation is not supported by the facts underlying this matter or the requirements of the applicable Collective Bargaining Agreement. (See attached grievance procedure). (See Exhibit 2).

The County believes that this matter has been properly submitted to the American Arbitration Association for processing the appointment of an arbitrator. The County takes this position, however, without waiving and hereby specifically preserving, the right to raise and assert any and all legal positions or defenses (either in this arbitration or in another forum), with the respect to this demand for arbitration and/or any other legal action filed by Ms. Connor.

Should you have any questions please feel free to contact me at your convenience at 302-395-5130. Thank you.

　　　　　　　　　　Very Truly Yours,

　　　　　　　　　　Eric Leonard Episcopo
　　　　　　　　　　First Assistant County Attorney

cc:　　Charlotte Crowell, Chief Human Resources Officer
　　　　LaTonya Ashley, Employee Relations Specialist
　　　　Elaine McLaughlin, AAA
　　　　Victor F. Battaglia, Esquire

87 READ'S WAY, NEW CASTLE, DE 19720

PHONE: 302-395-5130　　　　FAX: 302-395-5150

# UNREPORTED CASE(S)

Slip Copy, 2007 WL 1704653 (M.D.Pa.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
M.D. Pennsylvania.
David M. RHODES, Plaintiff,
v.
Warden Ronnie R. HOLT, et al., Defendants.
No. 4:CV 06-1686.
June 12, 2007.

Daniel T. Brier, Donna A. Walsh, Patrick A. Casey, John B. Dempsey, Myers Brier & Kelly, LLP, Scranton, PA, for Plaintiff.
Stephen Cerutti, Department of Justice/United States Attorney's Office, Harrisburg, PA, for Defendants.

## *MEMORANDUM*

JOHN E. JONES, III, Judge.

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

**\*1** Pending before the Court is Defendants' Motion for Judgment on the Pleadings (doc. 17) filed on May 1, 2007 by Defendants Warden Ronnie R. Holt, FCI-Schuylkill and the Federal Bureau of Prisons.

For the following reasons, the Motion shall be granted.

### *PROCEDURAL HISTORY:*

Plaintiff David M. Rhodes ("Plaintiff" or "Rhodes") commenced this action by filing a complaint (doc. 1) with this Court on August 28, 2006. The complaint alleges that Plaintiff's termination was a direct violation of his rights under the First Amendment to the United States Constitution. Within the prayer for relief, Rhodes requests: (1) equitable relief for the violation of his constitutional rights, including an order reinstating him to the position of correctional officer at a Bureau of Prisons facility, an order directing Defendants to cease and desist from harassing or retaliating against Rhodes in the future, an order directing the removal of disparaging references, including psychological and psychiatric reports from Rhodes' personnel file, and an order directing the appointment of an appropriate supervisor to monitor operations at FCI-Schuylkill. Rhodes also requests any other relief the Court deems necessary and just, including attorneys fees and costs.

On December 11, 2006, the Defendants filed an answer. (Rec.Doc.12). On May 1, 2007, Defendants filed the instant Motion. The Motion has been fully briefed and is therefore ripe for our review.

### *STANDARD OF REVIEW:*

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay trial ..." Under Rule 12(c) "judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290 (3d Cir.1988)* (citation omitted). As with a motion

to dismiss under <u>Rule 12(b)(6)</u> the "Court 'views the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff.' " <u>Mele v. FRB, 359 F.3d 251, 253 (3d Cir.2004)</u> (quoting <u>Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir.2002)</u>).

### FACTUAL BACKGROUND:

On August 27, 2004, Plaintiff was removed by Defendant Warden Holt from his position as a correctional officer based upon a charge of engaging in conduct unbecoming a correctional officer. (Complaint, ¶ 7). Plaintiff alleges that the charge asserted against him was "baseless, unfounded and intended solely to harass and retaliate against [him] for opposing and exposing wrongdoing at the facility." (Complaint, ¶ 8).

In addition to this case, Rhodes' has submitted and is currently pursuing an administrative claim to the Merit System Protection Board (MSPB) seeking redress for his termination. To the Court's knowledge, that matter is still pending at this time. Rhodes' administrative MSPB claim requests equitable, administrative, and make-whole remedies regarding his August 27, 2004 termination, that if successful, will entitle him to the same equitable remedies he is seeking in the instant claim. (Rec.Doc.18, Ex. 2).

### DISCUSSION:

**\*2** The Defendants argue that the Court should grant judgment on the pleadings in favor of them in the instant matter because the Plaintiff has failed to fully exhaust his administrative MSPB remedy prior to the filing of the instant suit. Plaintiff argues that he may pursue injunctive or declaratory relief in this court without first exhausting available administrative procedures.

Plaintiff cites <u>Mitchum v. Hurt, 73 F.3d 30 (3d Cir.1995)</u> to support his argument. In *Mitchum,* the United States Court of Appeals for the Third Circuit held that district courts could entertain constitutional claims for injunctive relief despite the availability of administrative remedies.

In *Mitchum,* three employees of the Veterans Administration Medical Center ("VMAC") filed an action in the United States District Court for the Western District of Pennsylvania, alleging that they were retaliated against in violation of their First Amendment rights, seeking injunctive and declaratory relief. *Id.* at 31. The plaintiffs did not pursue administrative remedies. The VMAC argued that because the plaintiffs were able to pursue administrative remedies, jurisdiction was lacking in federal court. The Western District granted summary judgment in favor of the defendants and dismissed the claim for **equitable** and **injunctive** relief, ruling that the plaintiffs were required to, but had not, exhausted their respective administrative remedies. *Id.*

On appeal, the Third Circuit reversed. *Id.* The Third Circuit noted that "all three appellants could have pursued administrative remedies to vindicate the alleged violations of their First Amendment rights." *Id.* First citing the longstanding "power of federal courts to grant equitable relief for constitutional violations," the Third Circuit held that the appellants were not limited to available administrative remedies, but could bring suit for injunctive and declaratory relief, notwithstanding their failure to pursue administrative remedies *Id.* at 35.

The Defendants argue that *Mitchum* is distinguishable from the instant case because Plaintiff *did* pursue administrative remedies while the *Mitchum* plaintiffs *did not.* The Defendants submit that *Mitchum's* holding is narrow and stands only for the proposition that the CSRA's mere existence does not preclude a plaintiff from filing for injunctive relief in federal court when that plaintiff *did not* pursue administrative remedies.

Defendants argue that we should consider the District of Columbia Circuit's position on the issue, which is to require the aggrieved party to complete efforts to obtain identical relief, based on identical facts on non-constitutional claims in the appropriate administrative forum before allowing a federal case on constitutional claims to proceed. Defendants cite to the cases of <u>Andrade v. Lauer, 729 F.2d</u>

1475 (D.C.Cir.1984) and *Wallace v. Lynn*, 507 F.2d 1186 (D.C.Cir.1974) to support their contention.

**\*3** In *Andrade*, the court permitted a non-monetary claim to proceed in federal court without exhaustion of administrative remedies because the claim raised in federal court was markedly different from the administrative claim. The court noted that "[t]he facts required for deciding the constitutional issue will be quite different from those bearing on the personnel and statutory issues, thus obviating the possibility of duplicative factfinding before court and agency. 729 F.2d at 1492. Contrarily, in *Wallace*, the court found that the constitutional claims and the personnel claims raised virtually identical issues and that the potential administrative remedy was capable of granting full relief to the appellants. *Id.* at 1493 (discussing *Wallace*). On that basis, the *Wallace* court affirmed the district court's ruling that the appellants had failed to exhaust their administrative remedies. *Wallace*, 507 F.2d at 1107.

While we particularly decline to categorize either the breadth or narrowness of the *Mitchum* decision, we do find that it is distinguishable from the instant case. As noted, in *Mitchum*, the appellants had *not* proceeded in an administrative capacity on their claims, but asserted their claims originally in federal court. In the instant matter, Plaintiff is simultaneously litigating before the MSPB and this Court a claim arising out of the same circumstance-his allegedly retaliatory termination by Warden Holt for First Amendment protected activity. Furthermore, a comparison of the prayer for relief in this matter (Complaint, pp. 4-5) and in the administrative claim reveals that they are substantially similar.[FN1] The main relief sought by Plaintiff in both matters is reinstatement to his job as a correctional officer with the Bureau of Prisons.

> FN1. In the administrative claim, Plaintiff requests the MSPB to take the following action: "Remedies include but are not limited to making the appellant whole in terms of restoring to full-time duty, back pay, counseling fees, if any; compensatory damages, demotion of Mr. William McFadden to a non-supervisory/management position, immediate reassignment for appellant in previous position and grade to a like position and grade at another Bureau of Prisons institution of the appellant's choice, with a competing preferential status. The reassignment be a paid move by the agency. Letter of apology from agency for libelous statements made by management official. And any other remedy deemed appropriate by a third party.

While we recognize that we are not bound by the holdings or reasoning of our sister Circuits, we do find the District of Columbia Circuit's rationale and logic as expressed in *Andrade* and *Wallace* on the instant issue to be persuasive. To allow Rhodes to simultaneously litigate essentially the same claim for functionally equivalent relief before the MSPB and this Court defies judicial economy and presents the very real possibility of conflicting outcomes. Had Rhodes foregone his administrative remedies under the CSRA and immediately filed suit with this Court, *Mitchum* would certainly control and Rhodes would be entitled to proceed on his claims in this Court without exhaustion. Rhodes did not choose this course, and as a result he seeks in effect to have it both ways.

Accordingly, in the interests of judicial economy and to avoid the possibility of conflicting judgments, we shall grant the Defendants' Motion and dismiss the action without prejudice for failure to exhaust administrative remedies. [FN2] An appropriate Order shall issue.

> FN2. It is our view that the statute of limitations on Plaintiff's claims would commence running at the point when he exhausts his administrative remedies, hence our dismissal will be without prejudice, in the event that he chooses later to return to this forum.

M.D.Pa.,2007.
Rhodes v. Holt
Slip Copy, 2007 WL 1704653 (M.D.Pa.)


Motions, Pleadings and Filings (Back to top)

- 2006 WL 2705166 (Trial Pleading) Complaint (Aug. 28, 2006) ▦ Original Image of this Document (PDF)
- 4:06cv01686 (Docket) (Aug. 28, 2006)

END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.