IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JILL CONNOR,** | : |
| **Plaintiff,** | : |
| | : C.A. No. 07-366 |
| v. | : |
| | : JURY TRIAL DEMANDED |
| **NEW CASTLE COUNTY, GUY H. SAPP,** | : |
| individually and in his official capacity, and | : |
| **CHARLOTTE L. CROWELL,** individually and | : |
| In her official capacity, | : |
| **Defendants.** | : |

## ANSWER

1. Admitted as to plaintiff's residence and that plaintiff was employed by the New Castle County Police Department in January 2002. Denied that plaintiff is currently employed with New Castle County Police Department (hereinafter referred to as "NCCPD").

2. Admitted that New Castle County (hereinafter referred to as "NCC") is a political subdivision of the State of Delaware and plaintiff's former employer.

3. Admitted.

4. Admitted.

5. Admitted only that plaintiff purports to bring this action pursuant to Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq. and 28 U.S.C. §1983. The remaining allegations contained in paragraph 5 of the Complaint state conclusions of law to which no response is required and which therefore are denied. Defendants further deny that they retaliated, violated any laws or are liable to plaintiff in any way.

6. The allegation contained in paragraph 6 of the Complaint state conclusions of law to which no response is required and which therefore are denied.

7. Admitted that plaintiff commenced employment with NCC in January 2002.

8. The allegation contained in paragraph 8 of the Complaint contains plaintiff's own opinion to which no response is required. To the extent a response is required, denied.

9. Denied.

10. Denied.

11. The allegation contained in paragraph 11 of the Complaint contains plaintiff's own opinion to which no response is required. To the extent a response is required, denied.

12. Denied.

13. Admitted that the State Industrial Accident Board determined that plaintiff sustained an occupational exposure and that plaintiff was awarded and continues to receive Workers' Compensation benefits pursuant to state statute. The remainder of the allegation is denied.

14. Admitted that Defendant Sapp recommended that plaintiff's employment be terminated. To the extent a further response is required, denied.

15. Admitted.

16. The allegation contained in paragraph 16 of the Complaint contains plaintiff's own opinion to which no response is required. To the extent a response is required, denied.

17. Admitted only that Plaintiff was examined for a Workers' Compensation defense medical examination, which determined her disability status. The remainder of the allegation constitutes a medical opinion to which no response is required. To the extent a response is required, denied. To the extent a further response is required, denied.

18. The allegation contained in paragraph 18 of the Complaint contains plaintiff's own opinion to which no response is required. To the extent a response is required, denied.

19. Admitted only that Plaintiff was paid Workers' Compensation benefits and

supplemental pay. The remainder of the averment calls for a legal conclusion to which no response is required. To the extent a further response is required, denied.

20. Denied.

21. Denied.

22. Admitted only that Plaintiff filed the actions listed. The remainder of the allegation is denied.

23. Admitted only that on or about December 29, 2006, a Reasonable Cause determination was issued by the DDOL. The Reasonable Cause determination speaks for itself. To the extent a further response is required, denied.

24. Defendants lack information and belief sufficient to answer the allegations in paragraph 24 of the Complaint, and, therefore, deny such allegations.

25. Defendants incorporate the responses to paragraphs 1-24 by reference as though fully set forth herein.

26. Defendants lack information and belief sufficient to answer the allegations in paragraph 26 of the Complaint, and, therefore, deny such allegations.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendants incorporate the responses to paragraphs 1-30 by reference as though fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants incorporate the responses to paragraphs 1-35 by reference as though fully set forth herein.

37. Admitted only that Defendant Sapp was NCC Public Safety Director during relevant periods of Plaintiff's employment with NCC. To the extent a further response is required, denied.

38. The allegation contained in paragraph 38 of the Complaint contains plaintiff's own opinion to which no response is required. To the extent a response is required, denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendants incorporate the responses to paragraphs 1-42 by reference as though fully set forth herein.

44. Denied as stated. Admitted only that Defendant Crowell was NCC Chief Human Resources Officer during relevant periods of Plaintiff's employment with NCC.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Defendants incorporate the responses to paragraphs 1-49 by reference as though fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Defendants incorporate the responses to paragraphs 1-54 by reference as though fully set forth herein.

56. The allegation contained in paragraph 56 of the Complaint contains plaintiff's own opinion to which no response is required. To the extent a response is required, denied.

57. Denied.

58. Denied.

59. Denied.

60. Defendants incorporate the responses to paragraphs 1-59 by reference as though fully set forth herein.

61. Denied.

62. Denied.

63. Defendants incorporate the responses to paragraphs 1-62 by reference as though fully set forth herein.

64. Denied.

65. Denied.

66. Defendants incorporate the responses to paragraphs 1-65 by reference as though fully set forth herein.

67. The allegation contained in paragraph 67 of the Complaint contains plaintiff's own opinion to which no response is required. To the extent a response is required, denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Defendants incorporate the responses to paragraphs 1-71 by reference as though fully set forth herein.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Defendants incorporate the responses to paragraphs 1-76 by reference as though fully set forth herein.

78. Denied.

79. Denied.

Defendants deny any allegations which have not been specifically admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff failed to exhaust her administrative remedies

### Second Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by failure to mitigate damages.

### Third Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, waiver, laches and/or unclean hands.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because defendants had in effect at all relevant times, a procedure for employees to address claims of retaliatory treatment and

exercised reasonable care to prevent and properly correct any retaliatory treatment. Moreover, plaintiff unreasonably failed to take advantage of these preventive and corrective opportunities or to avoid harm otherwise.

### Fifth Affirmative Defense

Plaintiff's claims fail, in whole or in part, because at all times defendants made a good faith effort to comply with applicable law and acted lawfully and with legitimate and nonretaliatory business reasons.

### Sixth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrine of sovereign immunity.

### Seventh Affirmative Defense

Plaintiff's claims may be barred in whole or in part to the extent that they are preempted by applicable federal or state law.

### Eighth Affirmative Defense

Defendants are immune from liability for punitive damages.

### Ninth Affirmative Defense

Defendants were not willful, wanton or malicious.

### Tenth Affirmative Defense

Plaintiff is barred from seeking injunctive relief.

### Eleventh Affirmative Defense

This matter is in whole, or in part, time barred under the appropriate statute of limitation, or repose or by an applicable administrative time requirement.

### Twelfth Affirmative Defense

At all times, any actions taken with respect to plaintiff were undertaken for legitimate business reasons unrelated to gender or protected activity.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to all or some of the relief sought.

### Fourteenth Affirmative Defense

At all material times, defendants acted in good faith towards plaintiff without malice or discriminatory intent.

### Fifteenth Affirmative Defense

If plaintiff suffered any damages or losses, such losses were caused, in whole or in part, by plaintiff's own conduct, acts or omissions.

### Sixteenth Affirmative Defense

Any damage suffered by plaintiff, the existence of which is denied, was caused by persons other than defendants, outside of their control, and for whom they are not responsible.

### Seventeenth Affirmative Defense

Defendant is not vicariously liable for any alleged acts of discrimination, retaliation, false statements, misrepresentations or other allegedly wrongful conduct committed by any individuals named in the Complaint.

### Eighteenth Affirmative Defense

Defendants' liability, if any, is limited by 10 *Del. C.* §4013.

### Nineteenth Affirmative Defense

Plaintiff's state law claims, if any, are barred by 10 *Del. C.* §4011.

### Twentieth Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

**Twenty-first Affirmative Defense**

Plaintiff has failed to comply with statutory and regulatory requirements for claims brought under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq.

Defendants preserve herein any and all other affirmative defenses that may become apparent during discovery or otherwise during the course of this case.

**WHEREFORE,** defendants respectfully request that this Court dismiss the Complaint with prejudice, enter judgment in favor of defendants, and award defendants reasonable attorneys fees, costs of suit and other such relief as the Court deems just and proper.

        NEW CASTLE COUNTY - LAW DEPARTMENT

        By: /s/ Eric Leonard Episcopo
        Eric Leonard Episcopo (DE Bar I.D. No. 2258)
        First Assistant County Attorney
        87 Read Way, New Castle, DE 19720
        Tel: (302)395-5130
        *Attorney for Defendants*

Dated: February 6, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JILL CONNOR,<br><br>        Plaintiff,<br><br>v.<br><br>NEW CASTLE COUNTY, GUY H. SAPP, individually and in his official capacity, and CHARLOTTE L. CROWELL, individually and In her official capacity,<br><br>        Defendants. | C.A. No. 07-366 GMS<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

    I, Eric Leonard Episcopo, Esquire, hereby certify that on the 6th day of February, 2008, I served copies of the foregoing *Answer* to be served via electronic filing upon the following parties:

        Victor F. Battaglia, Sr., Esquire
        Biggs & Battaglia
        921 N. Orange Street
        P.O. Box 1489
        Wilmington, DE 19899-1489

        NEW CASTLE COUNTY LAW DEPARTMENT

        By: /s/ Eric Leonard Episcopo
        Eric L. Episcopo (DE Bar I.D. No. 2258)
        First Assistant County Attorney
        87 Read Way, New Castle, DE 19720
        Tel: (302)395-5130

Dated: February 6, 2008        *Attorney for Defendants*