IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JILL CONNOR, | § | |
| | § | |
| Plaintiff, | § | C.A. Number:  07-366 GMS |
| | § | |
| v. | § | |
| | § | |
| | § | |
| NEW C ASTLE COUNTY, GUY H. SAPP, | § | **Trial by Jury Demanded** |
| Individually and in his official capacity, and | § | |
| CHARLOTTE L. CROWELL, individually and in | § | |
| Her official capacity, | § | |
| | § | |
| Defendants. | § | |

## JOINT STATUS REPORT

The parties address the agenda items specified by the sequence Court in the Order designated by the Court:

1. **Jurisdictions and Service.**   This Court has jurisdiction over the subject matter pursuant to 28 USC1331 and 1343. The actions involved arise under the Americans with Disabilities Act (ADA). 42 USC. § 2365.12101 et seq. and  12203 et seq. liability for violation by the Defendants of the laws and constitution of the United States pursuant to 42 USC  § 1983. Present jurisdiction for other claims related to those issues part of the same case or controversy pursuant to 28 USC §1367. There is no dispute as to the Court's jurisdiction.

All Defendants have appeared by counsel.

2.     **Substance of the Action.**

a). **By Plaintiff**: Plaintiff claims  she was retaliated against and was terminated because she

applied for reasonable accommodation of a disability condition suffered in the course of service as

a New Castle County Police Officer.  She claims to have been disabled by an insect bite which

caused bacterial infection as a result of which she suffered serious and long term or permanent

and partial injuries and disabilities.  When she applied to be transferred to a light duty position,

Defendants denied her application and terminated her in violation of County Ordinance #

26.03.904(b). The subject ordinance which Plaintiff was informed was the basis for her

termination requires that officers injured in the line of duty may only be denied full pay if they are

offered light duty and refuse it.  In this case the County refused to offer light duty. Therefore the

termination was in violation of the County's own ordinance. Because of the County's antagonism

towards the Plaintiff, she was required to apply for workman's compensation benefits in the

Industrial Accident Board. That Board decided she was injured in the line of duty and was

entitled to benefits.  Plaintiff claims violation of the American with Disabilities Act, 42 USC §.

12101 et seq., is based upon the facts the Defendant County terminated Plaintiff's employment in

the August 2006 and denied her the opportunity to be transferred to a light duty job, and the

County's perception that she had a permanent disability all in violation of 42 USC§ 12101 and

for retaliation against her in violation of 42 USC§ 12203

b).    **By Defendant:**

Defendants deny that they discriminated or retaliated against plaintiff in any way.  Further, defendants deny claims that they violated any applicable law or collective bargaining agreement. At all times, any actions taken with respect to plaintiff were undertaken for legitimate business reasons unrelated to plaintiff's alleged disability or status as a New Castle County employee.

3.    **Identification of Issues**

a).    **By Plaintiff:**  Plaintiff claims that the County intentionally terminated her employment in retaliation because she sought an accommodation pursuant to the ADA, sought the assistant of the Delaware Department of Labor and applied for and was granted workers compensation benefits in violation of USC §12203.

Plaintiff seeks judgment against the Defendant Sapp pursuant to 42USC §. 1983 based upon Defendant's Sapp's actions ordering Plaintiff terminated from her employment without procedural and substantive due process of law in violation of 42 USC § 1983 and for his action in terminating Plaintiff in violation of the Americans with Disabilities Act in retaliation for Plaintiff asserting claims under the ADA.

Plaintiff seeks judgment against the Defendant Crowell pursuant to 42 USC§ . 1983 based upon her actions in depriving Plaintiff of her employment without procedural and substantive due process of law in violation of the United States Constitution.  Her actions in

3

terminating Plaintiff from her employment are in violation of the ADA and in retaliation for Plaintiff asserting claims under the ADA .

Additional claims asserting acts of New Castle County in violation of 42 USC. § 1983 charge that the county has a policy and practice with respect employees who suffered work related injuries by wrongfully declaring the employee unable to work, referring to make workers compensation payments and wrongfully terminating the employee for the purpose of cutting off its obligation to make supplemental payments required by county law.

Plaintiff claims that the County is liable to her for wrongful termination in violation of laws of the State of Delaware as set forth in 19 Delaware Code  §2365 and charges the County of falsely represented it was terminating her because of in ability to perform her responsibilities of as a County employee when in fact the County was terminating her employment in retaliation for her requesting an accommodation for a disability pursuing and successfully obtaining workman's compensation benefits and in an attempt to avoid it s obligation to supplement Plaintiff's workmen's compensation benefits.

Whether Because County law and the Union Contract prohibited termination of Plaintiff's employment while disabled as a result of injuries received in the course of employment Defendants' termination of her employment is a violation of the union agreement and the County Code, a denial of substantive and procedural due process of the ADA.

4

Whether Defendants are liable to Plaintiff because they refuse to continue to pay Plaintiff-required supplement to workman's compensation benefits, refuse to accumulate combined leave vacation benefits in violation of the Union Agreement County Law. Whether Defendants are liable to Plaintiff for violation of the ADA and 19 Delaware Code § 720 et seq. because of its failure to make reasonable accommodation allowing Plaintiff to continue to work for the County, for retaliation because she requested an accommodation pursuant to the ADA and sought the assistance of the Industrial Accident Board and from the EEOC and for violation of 19 Delaware Code §2365

Whether, or to what extent, the arbitration proceedings presently going forward pursuant to the Union Contract affect the Plaintiff's claims in this action.

**b).    By Defendant:**

The legal and factual issues genuinely in dispute are whether plaintiff was discriminated or retaliated against on the basis of her alleged disability or status as an employee in connection with her employment at New Castle County.

**4.    Narrowing of Issues.**

None at this time.

**5.  Relief.**

a). **By Plaintiff:**    Plaintiff seeks payment of lost salary from the date of her unlawful termination in August of 2006. At the time of her termination Plaintiff earned approximately

$60,000.00 per year. Her loss of salary would continue approximately 15 years increased by on promotion, and longevity. Plaintiff has not been able to compute the amount of future losses without discovery with respect to increases in salary, value of benefits, including loss pension benefits, loss of additional 3000.00 per year because of termination of medical payments made to her 401 K account and also the benefit of her 401 (k) account was terminated at the time of her discharge. Precise amount of Plaintiff's loss is not yet been computed. When computed it will be subject to economic analysis. In addition, Plaintiff claims damages for emotional distress and loss of accrued vacation, sick time, and educational benefits.

b). **By Defendant:**

Defendants request that the Court dismiss the within Complaint with prejudice.

6. **Amendment of Pleadings.** The Parties do not expect to offer amendments to the pleadings.

7. **Joinder of Parties.**

   a) **By Plaintiff:** Plaintiffs do not expect to add additional parties.

   b) **By Defendants:** The Fraternal Order of Police (the "FOP") is currently not a party to the within action; however; the Defendants reserve the right to join the FOP to this litigation at a later date.

8. **Discovery.**

The parties have agreed to exchange initial disclosures by May 23, 2008.  The parties anticipate

that they will need 8 months for discovery in this action and seek a discovery deadline of January

23, 2009.  Discovery may include;

    (a)    Requests for Admissions;

    (b)    Requests for Production of Documents;

    (c)    Depositions; however, each side is limited to ten (10) depositions;

    (d)    Interrogatories; however, each side is limited to fifty (50) interrogatories

9.    **Estimated Trial length.**

    Trial should take no longer than four (4) days.  The parties will endeavor to reduce the

length of trial by entering into stipulations.

10.    **Jury Trial.**     Both Plaintiff and Defendant have demanded trial by jury.

11.    **Settlement.**

    The parties have discussed settlement but currently maintain widely disparate positions.

Defendants are not opposed to mediation.

12.    **Other matters:**     Parties are unaware of other matters that would be conducive of

speedy or inexpensive determination on this action at this time but with the availability of

7

discovery other matters may suggest themselves.  The resolution of the Union arbitration

proceedings may eliminate  some issues from this case, but the function of those proceedings is

limited by the Union Contract

13.    Counsel for the Plaintiff and Defendant have conferred about each of the above matters.


BIGGS AND BATTAGLIA


By:   /s/  Victor F. Battaglia
Victor F. Battaglia, Sr., Esq. (DE Bar I.D. No. 156)
921 Orange Street
Wilmington, DE 19801
(302) 655-9677
*Attorney for Plaintiff*

NEW CASTLE COUNTY - LAW DEPARTMENT

By:   /s/  Eric Leonard Episcopo
Eric Leonard Episcopo, Esq. (DE Bar I.D. No. 2258)
First Assistant County Attorney
Julie M. Sebring, Esq. (DE Bar I.D. No. 2259)
Assistant County Attorney
87 Read's Way, New Castle, DE 19720
(302)395-5130
*Attorneys for Defendants*

Dated:  April 11, 2008

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JILL CONNOR, | § | |
| | § | |
| Plaintiff, | § | C.A. Number:  07-366 GMS |
| | § | |
| v. | § | |
| | § | |
| NEW C ASTLE COUNTY, GUY H. SAPP, | § | **Trial by Jury Demanded** |
| Individually and in his official capacity, and | § | |
| CHARLOTTE L. CROWELL, individually and in | § | |
| Her official capacity, | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE

I, Victor F. Battaglia, do hereby certify that on the 11th day of April, 2008 one true and correct copy of a JOINT STATUS REPORT was served via e-mail to the following:

Eric Leonard Epsicopo, Esquire
Julie M. Sebring, Esquire
87 Read's Way
New Castle, DE     19720

BIGGS AND BATTAGLIA

By:  /s/ Victor F. Battaglia
Victor F. Battaglia, Sr., Esq. (DE Bar I.D. No. 156)
921 Orange Street
Wilmington, DE 19801
(302) 655-9677
*Attorney for Plaintiff*